UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARIZMA ANDRADE, *individually and on behalf of all other similarly situated current and former employees*,

                     Plaintiff,

- against -

JP MORGAN CHASE BANK, N.A., JP MORGAN CHASE & CO., JP MORGAN CHASE BANK, *a Corporation*, JP MORGAN CHASE BANK, *a Corporation* d/b/a JP MORGAN CHASE BANK, and DOES 1-100,

                     Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER
08-CV-3703 (RRM) (RLM)

MAUSKOPF, United States District Judge.

Plaintiff Darizma Andrade ("Plaintiff"), a former employee of Defendant JPMorgan Chase Bank, N.A. ("Chase"), brings this action on behalf of herself and other similarly situated current and former employees of Chase. Plaintiff alleges certain violations of New York State Labor Law and seeks various forms of relief on behalf of herself and the putative class. Currently before the Court is Chase's motion (Docket No. 18) to "dismiss or strike" the claims set forth in Plaintiff's Amended Class Action Complaint (Docket No. 13) (the "Complaint"). For the reasons set forth below, the motion is DENIED.

## BACKGROUND

The Court assumes familiarity with the factual background and procedural history of this case, and will only summarize them here. The Complaint asserts claims for alleged violations of New York State Labor Law "and the supporting New York State Department of Labor regulations." (*See* Compl. ¶¶ 37, 43.) Specifically, the Complaint alleges that Chase "required and/or permitted

1

its tellers to perform work ... off the clock and without providing compensation for such work. Tellers working at [Chase] were required to clock in and out at the times indicated on their schedules, notwithstanding the fact [that] work was performed ... at times outside the schedule." (*Id.* ¶ 20.) The Complaint asserts two causes of action: (1) a claim for regular wages brought pursuant to Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.* ("Article 6"); and (2) a claim for overtime compensation brought pursuant to Article 19 of the New York Labor Law, N.Y. Labor Law §§ 650 *et seq.* ("Article 19"), together with the implementing regulations promulgated thereunder, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 ("§ 142-2.2").

Plaintiff commenced this action in New York State court, and Chase subsequently removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-15. (*See* Notice of Removal (Docket No. 1) ¶ 3.) Chase now moves to "dismiss or strike" both of Plaintiff's claims "pursuant to Rules 12 and 23 of the Federal Rules of Civil Procedure." (Notice of Motion (Docket No. 18) at 1.) Although Chase neither specifies the particular section of Rule 12 under which it is moving nor articulates the legal standard it believes is applicable to its motion, it appears that Chase is moving to dismiss the complaint for failure to state a claim under Rule 12(b)(6).

## MOTION TO DISMISS STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief may be granted." Such a motion tests the legal, rather than the factual, sufficiency of a complaint. *See Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). In assessing such a motion, a district court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor. *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## DISCUSSION

### I. Article 6 of the New York Labor Law

Chase's first argument posits that "Plaintiff has no claim for wages under Article 6 of the New York Labor Law" because such a claim "must be premised on a specific contractual promise by the employer" and may not arise from a "statutory obligation to pay *minimum wages or overtime pay*." (Chase Mem. (Docket No. 19) at 5 (emphasis added and citations omitted).) While the Court agrees with Chase that Article 6 does not provide a basis for Plaintiff's *overtime* claim – that claim arising under Article 19 and its implementing regulatory provision, § 142-2.2 – it is clear that Plaintiff is invoking Article 6 as the basis not for the overtime claim, but rather the claim for *regular wages* on behalf of herself and the putative class. (*See* Compl. ¶ 41.) As Chase fails to address the viability of Plaintiff's claim for regular wages under Article 6, this basis for its motion to dismiss must be rejected.

### II. Plaintiff's Overtime Claim

Chase next advocates dismissal of Plaintiff's overtime claim, insisting that "New York does not have a mandatory overtime law," see Chase Mem. at 7 (quotation omitted), an argument that misses the mark because New York's overtime requirement stems not from a statutory provision but from a *regulation* promulgated pursuant to law. *See* § 142-2.2. Chase then proceeds to argue that New York's overtime *regulation* is invalid, but, as Plaintiff notes, the cases recognizing the validity

3

of New York's overtime regulation are legion.[1] This Court concurs with the long line of cases recognizing that § 142-2.2 is a valid regulation and carries the force of law.

### III. Plaintiff's "Class Claims"

Advancing yet another argument that has been "repeatedly rejected by the courts," *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007) (citing *Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351, 353 (S.D.N.Y. 1999); *Torres v. Gristede's Operating Corp.*, No. 04-CV-3316-PAC, 2006 U.S. Dist. LEXIS 74039, *56 (S.D.N.Y. Sept. 28, 2006)), Chase next contends that Plaintiff cannot maintain her New York Labor Law claims as a class action. With respect to Chase's invocation of New York Civil Practice Law and Rules § 901(b) – which prohibits the maintenance of an "action to recover a penalty or minimum measure of recovery" as a class action unless specifically authorized by statute – that argument is unavailing.

Courts have overwhelmingly held that where, as here, a class representative waives the statutory penalties arising under New York Labor Law, § 901(b) presents no obstacle to the maintenance of a class action. *See, e.g., Krichman v. J.P. Morgan Chase & Co.*, 06-CV-15305-GBD, 2009 U.S. Dist. LEXIS, at *4-6 (S.D.N.Y. Dec. 8, 2008). (*See also* Pl.'s Mem. at 16 (collecting cases).) Moreover, contrary to Chase's insistence that a plaintiff cannot waive the statutory penalties available under New York Labor Law – a proposition it calls "clear" under New

---

[1] *See, e.g., Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 65 (2d Cir. 2003) ("N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 ... require[s] employers to compensate employees at one-and-one-half times the regular rate when an employee works in excess of 40 hours per week."); *Robles v. Copstat Sec., Inc.*, No. 08-CV-9572-SAS, 2009 U.S. Dist. LEXIS 54963, at *8 (S.D.N.Y. June 29, 2009) ("The Minimum Wage Act and its implementing regulations provide for a private cause of action for the recovery of unpaid overtime." (citing *Zheng*, 355 F.3d at 78)); *De Los Santos v. Just Wood Furniture, Inc.*, Nos. 05-CV-9369(WWE), 06-CV-5749-WWE, 2009 U.S. Dist. LEXIS 51397, at *11 n.3 (S.D.N.Y. Jan. 14, 2009) ("New York state law requires that employers compensate employees at one-and-one-half times the regular pay rate as provided in the [Fair Labor Standards Act]." (citing 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2)); *Anderson v. Ikon Office Solutions, Inc.*, 38 A.D.3d 317, 317 (1st Dep't 2007) ("§ 142-2.2 provides that under the state minimum wage act ... overtime shall be paid at 1 1/2 times the regular rate ... ."); *Ballard v. Cmty. Home Care Referral Serv.*, 264 A.D.2d 747, 747 (2d Dep't 1999) (recounting the statutory and regulatory framework governing overtime claims under New York law). (*See also* Pl.'s Mem. at 4-5 (collecting cases).)

4

York law but one which it supports only by analogy to completely different statutes – courts have time and again allowed plaintiffs to do just that. *See id.*[2]

Nor does such a waiver render Plaintiff or her counsel inadequate class representatives. Presented with an argument similar to that which Chase advances here, Judge Conner resolved the issue with the following analysis:

> Plaintiff's waiver of liquidated damages does not render him an inadequate class representative. ... [A] waiver of liquidated damages – far from being a hindrance to adequate representation – is a *prerequisite* to the bringing of a class action under the applicable provisions of New York Labor Law. *See Smellie v. Mount Sinai Hosp.*, No. 03-CV-0805, 2004 U.S. Dist. LEXIS 24006, at *15-16 (S.D.N.Y. Nov. 29, 2004) ("It is well within the range of permissible practical and strategic choices for a plaintiff to choose to join a class action seeking actual damages only, rather than undertake the efforts and transaction costs of seeking to pursue an individual action for actual and liquidated damages[] ... ."). As long as potential plaintiffs are apprised of their right to pursue individual actions and informed that their joining the class will forfeit their right to recover liquidated damages, no harm results from the waiver.

*Klein v. Ryan Beck Holdings, Inc.*, No. 06-CV-3460-WCC, 2007 U.S. Dist. LEXIS 51465, at *14-14 (S.D.N.Y. July 13, 2007). The Court finds Judge Conner's reasoning persuasive. Indeed, were the Court to accept Chase's argument, New York Labor Law claims like those asserted here could *never* proceed as a class action. In that respect, this portion of Chase's argument is simply another way of suggesting that the penalties available under § 198 of the Labor Law cannot be waived. That argument runs counter to the significant weight of authority on the issue, and the Court is unpersuaded by it. Accordingly, the Court rejects this basis for Chase's motion to dismiss.

---

[2] Indeed, the very language of the Labor Law that Chase highlights in connection with this portion of its argument undermines the point that Chase is attempting to make. Section 198 of the Labor Law provides that, upon a finding that an employer's failure to pay required wages was willful, the presiding court "shall allow" the recovery of liquidated damages. Although Chase emphasizes the word "shall" in arguing that such liquidated damages are not subject to waiver, it fails to account for the word "allow" – a significant omission given that the word "allow" connotes a permissive, rather than mandatory, remedy. This language may help explain why Chase's memorandum of law includes no authority for the proposition that liquidated damages under § 198 of the New York Labor Law are mandatory and cannot be waived.

5

Finally, Chase argues that the "class claim" should be dismissed because "litigating those claims as an opt-out class action is not the superior method of adjudication." (Chase Mem. at 20.) Once again, this argument conflicts with a long line of cases approving of the adjudication of New York Labor Law claims in class action format. *See, e.g., Guzman v. VLM, Inc.*, No. 07-CV-1126(JG), 2008 U.S. Dist. LEXIS 15821, at *25-33 (E.D.N.Y. Mar. 2, 2008); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 206 (S.D.N.Y. 2006); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 346 (S.D.N.Y. 2004).

Moreover, the case on which Chase principally relies, *Alix v. Wal-Mart Stores, Inc.*, 838 N.Y.S.2d 885 (N.Y. Sup. Ct. 2007), *aff'd* 57 A.D.3d 1044 (3d Dep't 2008), is readily distinguishable. In *Alix*, the court found that the Labor Law claim asserted by the putative class representatives was "markedly different from that of the proposed class," 57 A.D.3d at 1046, and concluded that the administrative process overseen by the New York State Commissioner of Labor was a superior method of adjudicating the class members' claims, *id.* at 1048. In so holding, the court emphasized the administrative process's "focus on the particulars applicable to each employee's claim" as a significant factor in its analysis. *Id.* In other words, the *Alix* court's "superiority" analysis was intertwined with its "commonality" and "typicality" analysis, the latter factors having been focal points throughout the decision denying class certification.[3]

Here, by contrast, Plaintiff contends that all Chase bank tellers were subjected to the same policy. (*See* Compl. ¶¶ 28, 31-32.) Whether Plaintiff can meet her burden with respect to "commonality," "typicality," and the other requirements of Rule 23 is a question that must await a motion seeking class certification, and the Court expresses no opinion on it at this stage in the

---

[3] In any event, the Appellate Division in *Alix* explicitly limited its holding to the case then before it and did not purport to announce a rule that Labor Law claims can *never* be adjudicated in class action format. *See Alix*, 57 A.D.3d at 1048.

6

litigation. For present purposes, with respect to Chase's argument that a class action can *never* be the superior method of litigating claims arising under New York Labor Law, it is sufficient to say that the applicable law does not support such a premise. As such, this last basis for Chase's motion to dismiss is rejected.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED. The parties shall proceed with discovery under the supervision of the assigned Magistrate Judge. Because federal jurisdiction in this case arises exclusively under CAFA, the Court expects the parties to address the issue of class certification at the earliest possible stage in this litigation.

SO ORDERED.

Dated: Brooklyn, New York
       September 4th, 2009

_____
ROSLYNN R. MAUSKOPF
United States District Judge